**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| UNITED STATES OF AMERICA, |
| v. |
| STEVE I. HETRICK, |
| Defendant. |

Criminal No. 09-277 (CKK)

**MEMORANDUM OPINION**
(July 12, 2018)

Presently before the Court is *pro se* Defendant Steve I. Hetrick's Motion to Subrogate ("Motion"), ECF No. 67, and the Government's Opposition to the Motion ("Govt. Opp'n."), ECF No. 69. On February 14, 2018, the Court granted Defendant leave to file this Motion, and on February 15, 2018, the Court requested that the Government provide a response to the Defendant's Motion by April 16, 2018. Defendant Steve I. Hetrick ("Mr. Hetrick") was permitted the opportunity until June 8, 2018 to file a reply to the Government's Opposition, but he did not do so. *See* May 9, 2018 Order, ECF No. 70 (setting the deadline for a reply); May 10, 2018 Staff Notes (indicating that the May 9, 2018 Order was sent to Mr. Hetrick).[1]

In his Motion, Mr. Hetrick appears to seek relief from his restitution/forfeiture obligation, which was imposed after he pled guilty to one count of mail fraud and one count of conspiracy to

---

[1] Although it is not reflected on the District Court's docket, Mr. Hetrick attempted to file an appeal in this case, but the Court of Appeals issued an Order No. 18-3013, on July 3, 2018, dismissing the appeal for lack of prosecution because Mr. Hetrick had neither paid the docketing fee nor filed a motion for leave to proceed on appeal in forma pauperis.

1

commit money laundering and he was sentenced to 54 months on each count, to run concurrently, followed by a term of 36 months of supervised release. *See* Judgment, ECF No. 37, at 1-3. More specifically, Defendant signed a Consent Order of Forfeiture in the amount of 2.2 million dollars, which was made part of his sentence and included in the Judgment. *See* Consent Order of Forfeiture, ECF No. 11, at 2; Judgment, ECF No. 37, at 5-6 (ordering payment of restitution in the amount of $2,416,066.17).

After Mr. Hetrick served his term of incarceration but while he was on supervised release, he submitted false financial obligations to the Clerk of the Court in an effort to have his restitution balance deemed satisfied, and new charges were filed against him. *See* Statement of Offense in *United States v Hetrick*, Criminal No. 17-00091, ECF No. 2, ¶¶ 4-7. Mr. Hetrick entered into a plea agreement in that second criminal case, and he was charged him with one count of fictitious obligations and sentenced to twelve months incarceration to run consecutive to the three months incarceration imposed in this case [09cr277] for violation of his supervised release. *See* Judgment in Criminal No. 17-00091, ECF No. 14, at 2; Judgment on Revocation in Criminal No. 09-00277, ECF No. 64, at 3. A period of 36 months of supervised release was also imposed. Judgment, ECF No. 14, at 3.

Mr. Hetrick filed the instant Motion to Subrogate on February 14, 2018. The Motion is presumably an attempt to abate his financial obligations related to this case; however, Mr. Hetrick provides no coherent theory of subrogation that is applicable to the financial obligations arising from his criminal activity. Instead, the Motion to Subrogate is nonsensical, and it is filled with legal phrases that have no connection to either the facts in this case or any applicable law. This Court agrees with the Government that "[t]here is simply no legal basis, nor has the defendant cited any, for the Court to revise the defendant's financial obligations of restitution and forfeiture

2

that resulted from his criminal activity [and] [a]s the Judgment and Commitment Order required, the defendant must pay the mandatory restitution and the forfeiture money judgment in this matter." Govt. Opp'n at 3; *see* Judgment, ECF No. 37; *see also* 18 U.S.C. Section 3663A (discussing mandatory restitution to victims of crimes). Accordingly, this Court finds that Mr. Hetrick's Motion contains no valid claim for relief and is thus unenforceable and should be denied. A separate Order accompanies this Memorandum Opinion.

                                        */s/*
                                        **COLLEEN KOLLAR-KOTELLY**
                                        UNITED STATES DISTRICT JUDGE